IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr131-MHT |
| | ) | (WO) |
| JESSICA CHRISTINA SCALI | ) | |

OPINION AND ORDER

Counsel for defendant Jessica Christina Scali has asked for an evaluation of Scali's mental health prior to sentencing. Following her arrest in July 2017, Scali reported daily use of opiates. She has been released on two occasions, and both times has had her bond revoked for testing positive for opiates and methamphetamines, as well as repeatedly absconding supervision. In August, the court had to continue her trial because, according to her counsel, Scali had "been under the influence of methamphetamines and heroin and has not been able to properly assist in her defense." Motion to Continue (doc. no. 95).

Given the current psychiatric understanding that drug addiction is a disease, albeit a mental one, this court has held that a defendant who suffers from a drug addiction should be properly treated as having a mental disease or illness. *United States v. Mosley*, No. 1:10cr118, 2017 WL 4230221 (M.D. Ala. Sept. 25, 2017) (Thompson, J.). Accordingly, where there is a reasonable basis to believe that a defendant's drug addiction contributed to the conduct underlying his or her conviction, the court should order a mental-health evaluation, especially where one has not been done previously. Such an evaluation is necessary to aid the court in fashioning an appropriate sentence, by helping to determine (1) how a defendant's substance-abuse disorder may affect his or her *culpability* for the offense conduct; and (2) what type of *treatment*, if any, the defendant should receive during supervised release. The mental-health recommendation should, therefore, focus on these dual, overlapping issues of culpability and treatment: the role, if any,

defendant's mental illness played in his or her charged conduct, and what treatment is recommended for defendant's illness in light of his or her individual characteristics and history.

Scali is facing punishment for mail fraud and bank fraud, and there is reason to believe that her criminal conduct was driven by her drug addiction: according to her counsel's motion for her mental-health evaluation, she stole mail out of mailboxes and participated in a bank fraud scheme to support her addiction. Further, Scali's mental health has never been evaluated.

Because Scali does not oppose being transported, and committed, to a Bureau of Prisons facility for the mental-health evaluation, no due-process concerns are raised. *See Mosley*, 2017 WL 4230221 at *5.

***

Accordingly, in order to ensure that defendant Jessica Christina Scali is not inappropriately punished for having a disease, to assess accurately her culpability for the offense, and to mete out any

3

necessary rehabilitative treatment, it is ORDERED as follows:

(1) The motion for a mental-health evaluation (doc. no. 263) is granted. Defendant Scali is to be transferred to a Bureau of Prisons facility immediately to undergo a mental-health evaluation.

(2) This mental-health evaluation should determine:

(a) whether defendant Scali is suffering from a substance-abuse disorder *and* any other mental disorders;

(b) whether these other mental disorders (if any) underlie or are related to the substance-abuse disorder; and

(c) the extent to which defendant Scali's substance-abuse disorder contributed to the charges against her.

(3) The mental-health evaluation should also make recommendations as to treatment and supportive services that may assist defendant Scali in maintaining sobriety and otherwise complying the typical conditions of

supervised release.  The evaluation should include, among other things, whether defendant Scali is suffering from "Opioid Use Disorder," and the recommendations should address whether she would benefit from medication-assisted treatment, also known as "MAT."  The recommendations should also be tailored in recognition of other treatment or treatments that have not worked.

DONE, this the 3rd day of November, 2017.

                                    /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE