IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr131-MHT |
| | ) | (WO) |
| JESSICA CHRISTINA SCALI | ) | |

AMENDED OPINION AND ORDER

Counsel for defendant Jessica Christina Scali has asked for an evaluation of Scali's mental health prior to sentencing. Following her arrest in July 2017, Scali reported daily use of opiates. She has been released on two occasions, and both times has had her bond revoked for testing positive for opiates and methamphetamines, as well as repeatedly absconding supervision. In August, the court had to continue her trial because, according to her counsel, Scali had "been under the influence of methamphetamines and heroin and has not been able to properly assist in her defense." Motion to Continue (doc. no. 95).

Given the current psychiatric understanding that drug addiction is a disease, albeit a mental one, this court has held that a defendant who suffers from a drug addiction should be properly treated as having a mental disease or illness. *United States v. Mosley*, No. 1:10cr118, 2017 WL 4230221 (M.D. Ala. Sept. 25, 2017) (Thompson, J.). Accordingly, where there is a reasonable basis to believe that a defendant's drug addiction contributed to the conduct underlying his or her conviction, the court should order a mental-health evaluation, especially where one has not been done previously. Such an evaluation is necessary to aid the court in fashioning an appropriate sentence, by helping to determine (1) how a defendant's substance-abuse disorder may affect his or her *culpability* for the offense conduct; and (2) what type of *treatment*, if any, the defendant should receive during supervised release. The mental-health recommendation should, therefore, focus on these dual, overlapping issues of culpability and treatment: the role, if any,

defendant's mental illness played in his or her charged conduct, and what treatment is recommended for defendant's illness in light of his or her individual characteristics and history.

Scali is facing punishment for mail fraud and bank fraud, and there is reason to believe that her criminal conduct was driven by her drug addiction: according to her counsel's motion for her mental-health evaluation, she stole mail out of mailboxes and participated in a bank-fraud scheme to support her addiction. Further, Scali's mental health has never been evaluated. Finally, the need to transfer Scali to an in-patient setting is urgent because she would be a danger to herself if released to the community.

18 U.S.C. § 3552(b) authorizes the court to order that the study be done by the Burean of Prisons upon the finding of a "compelling reason" or where there are no adequate professional resources available in the local community to perform the study. In this case, the court seeks a comprehensive, longitudinal

evaluation of the defendant's mental health, including whether she has any co-occurring mental illnesses in addition to her substance abuse. There are no locally available resources that could provide such an evaluation in the jail where Scali is housed (or in any other local jail for that matter). Such an extended and comprehensive evaluation is simply not feasible given the restrictions on access to prisoners in a county jail environment. Furthermore, releasing Scali from jail in order to obtain such an evaluation in the community is not an option due to the high risk that she would begin using drugs again and would abscond.

Because Scali does not oppose being transported, and committed, to a Bureau of Prisons facility for the mental-health evaluation, no due-process concerns are raised. *See Mosley*, 2017 WL 4230221 at \*5.

**\*\*\***

Accordingly, in order to ensure that defendant Jessica Christina Scali is not inappropriately punished for having a disease, to assess accurately her

culpability for the offense, and to mete out any necessary rehabilitative treatment, it is ORDERED that the motion for a mental-health evaluation (doc. no. 263) is granted as follows:

(1) The United States Marshal for this district shall immediately remove defendant Jessica Christina Scali to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where she is to be committed for the purpose of being observed, examined, and treated by one or more qualified psychiatrists or psychologists at the institution. The statutory time period for the examination shall commence on the day defendant Scali arrives at the designated institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.

(2) Pursuant to 18 U.S.C. § 3552(b), the examining psychiatrists or psychologists shall evaluate defendant Scali's psychological condition for the purposes of

sentencing and shall include their findings in a report to be presented to this court.

(a) To assist the court in assessing defendant Scali's culpability, the study shall discuss defendant Scali's mental-health history and characteristics, and shall particularly address (i) whether she suffers from a substance-abuse disorder and/or other mental disorder(s) and if so, which one(s); (ii) whether the other mental disorders (if any) underlie or are related to the substance-abuse disorder; (iii) what role, if any, her substance-abuse disorder and/or other mental disorder(s) played in her commission of the offenses for which she now faces sentencing; and (iv) how her substance-abuse disorder and/or other mental disorder(s) impact her ability to refrain from using illegal substances and to comply with court orders.

(b) In addition, the study shall also make recommendations as to treatment and supportive services to be provided to defendant Scali while on supervised release. The study should address, in light of her

personal characteristics, history, and circumstances, and her mental health, which treatment modalities, treatment settings, and supportive or other services are likely to be most effective in helping defendant Scali maintain sobriety, learn to respond to stressors without resorting to substance abuse, and otherwise comply the typical conditions of supervised release. The study should address, among other things, whether defendant Scali would benefit from medication-assisted treatment, also known as "MAT," for abuse of opioids. To the extent any treatment modalities that have not worked for defendant Scali, the study should address whether different modalities or approaches to treatment are recommended.

(3) Finally, the study shall discuss any other matters the Bureau of Prisons believes are pertinent to the sentencing factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 28th day of November, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

7